# UNITED STATES DISTRICT COURT
for the
Eastern District of Missouri

In the Matter of the Seizure of )
Approximately $13,828.00 U.S. Currency, in the )
custody of the Florissant Police Department )
) Case No. 4:18MJ1506 JMB
)
)

**FILED**

NOV - 2 2018

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

## APPLICATION AND AFFIDAVIT FOR SEIZURE WARRANT

**I, Ikedinachi Akagha, being duly sworn depose and say:**

**I am a Special Agent with the Federal Bureau of Investigation, and have reason to believe that there is now certain property namely**

Approximately $13,828.00 U.S. Currency, in the custody of the Florissant Police Department

**which is**

subject to forfeiture under Title 21, United States Code, Sections 853 & 881(a), and therefore, is subject to seizure under Title 18, United States Code, Section 981(b) and Title 21, United States Code, Sections 853(e)&(f) and 881(b) concerning a violation of Title 21, United States Code, Sections 841(a)(1), 843(B) and 846.

**The facts to support a finding of Probable Cause for issuance of a Seizure Warrant are as follows:**

SEE ATTACHED AFFIDAVIT WHICH IS INCORPORATED HEREIN BY REFERENCE

**Continued on the attached sheet and made a part hereof.**     X  Yes ___ No

_Signature of Affiant_, Ikedinachi Akagha

**Sworn to before me, and subscribed in my presence**

November 2, 2018     1:10 PM        at  St. Louis, Missouri
**Date and Time Issued**                    **City and State**

John M. Bodenhausen, U.S. Magistrate Judge
**Name and Title of Judicial Officer**          Signature of Judicial Officer

# AFFIDAVIT

I, Ikedinachi Akagha, being duly sworn, depose and state as follows:

I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, and I am empowered by law to conduct investigations of and to make arrests for the offenses enumerated in Title 18, United States Code, Section 2516.

I have been employed as a Special Agent (SA) of the Federal Bureau of Investigation (FBI) for approximately three years. I am currently assigned to a squad responsible for the investigation of drug trafficking and violent street gangs. Through my training and experience, I am familiar with the debriefing of cooperating witnesses and/or other sources of information and methods of searching locations where illegal drugs, firearms, instruments of money laundering, and evidence of other crimes may be found. I have been trained in and have experience conducting surveillance of drug traffickers. I am also familiar with the methods used to import illegal drugs and the methods which drug traffickers use to pay for illegal drugs and conceal the proceeds of their illegal activity. I have also interviewed persons involved in violations of federal law pertaining to firearms, drug trafficking and money laundering.

This affidavit is not intended to be a complete and detailed description of all of the facts and evidence discovered during this investigation. I have set forth only the information that I believe is necessary to establish the required foundation for the issuance of the seizure warrant requested. Information in this affidavit is based upon my own investigation and that of other experienced law enforcement investigators with whom I am working. As part of the investigation described in this affidavit, I have

reviewed public records and talked with or reviewed reports of other law enforcement investigators.

**Property to Be Seized:**

This affidavit is made in support of an application for a warrant to seize the following:

1. $13,828.00 in United States currency.
2. One Glock G19, 9mm semiautomatic pistol, bearing serial number ACLC697 (STOLEN).
3. One Sig Sauer P226, .40 caliber semiautomatic pistol, bearing serial number U680872.
4. Assorted calibers of ammunition cartridges and firearms magazines.

The facts in this affidavit establish probable cause to believe the above described property is subject to seizure and forfeiture under both civil and criminal authorities.

The above described property is currently in the custody of the Florissant Police Department, Florissant, Missouri, 63033.

**Legal Framework:**

The proceeds of drug offenses are subject to forfeiture under both civil and criminal forfeiture authorities. Pursuant to 21 U.S.C. § 881(a)(6), "all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance…all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of [the Controlled Substances Act]" are subject to civil forfeiture. In addition, pursuant to 21 U.S.C. § 853(a)(1), any property

2

constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of a drug violation are subject to criminal forfeiture.

A firearm that is used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances is subject to civil forfeiture pursuant to 21 U.S.C. § 881(a)(11). In addition, pursuant to 21 U.S.C. § 853(a)(2), any property used, or intended to be used, in any manner or party, to commit, or to facilitate the commission of, a violation of the Controlled Substance Act is subject to criminal forfeiture.

Firearms and ammunition are subject to seizure and criminal forfeiture pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461 as being involved in or used in any knowing violation of 18 U.S.C. § 922(g).

This application seeks a seizure warrant under both civil and criminal authority because the property to be seized could be placed beyond process if not seized by warrant.

Pursuant to 18 U.S.C. § 981(b) and 21 U.S.C. § 881(b), property subject to civil forfeiture may be seized by a civil seizure warrant issued by a judicial officer "in any district in which a forfeiture action against the property may be filed," and may be executed "in any district in which the property is found," if there is probable cause to believe the property is subject to forfeiture. A civil forfeiture action may be brought in any district where "acts or omissions giving rise to the forfeiture occurred." 28 U.S.C. § 1355(b)(1)(A). As detailed below, acts or omissions under investigation occurred in the Eastern District of Missouri. 21 U.S.C. § 853(f) provides authority for the issuance of a seizure warrant for property subject to criminal forfeiture.

3

Based on the foregoing, the issuance of this seizure warrant is authorized under 21 U.S.C. § 853(f) for criminal forfeiture; and 18 U.S.C. § 981(b) for civil forfeiture. Notwithstanding the provisions of Rule 41(a) of the Federal Rules of Criminal Procedure, the issuance of this seizure warrant in this district is appropriate under 18 U.S.C. § 981(b)(3) and 28 U.S.C. §1355(b)(1) because acts or omissions giving rise to the forfeiture occurred in the Eastern District of Missouri.

**Subjects of Investigation:**

Devanta Djuan Gallon is a 31 year old St. Louis County resident who has been arrested for numerous offenses including Assault of a Law Officer, Resisting Arrest, Unlawful Possession of a Firearm, Robbery 2nd Degree, Possession of a Controlled Substance Felony, and Distribution of a Controlled Substance. Gallon is a convicted felon.

Jamar Lee Coleman is a 26 year old St. Louis City resident who has been arrested for offenses including Unlawful Use of a Weapon, and Possession of a Controlled Substance Felony.

**Investigation Summary:**

The following is a summary of the investigation which led to the June 4, 2018 arrest of Devanta Gallon and Jamar Coleman. At the time of their arrest Gallon and Coleman were in possession of a large quantity of narcotics and the above described property.

On June 4, 2018 at approximately 5:00 p.m., a Florissant Police Department Patrol Officer executed a vehicle stop on a silver 2011 Volkswagen CC bearing Missouri license plate KR2-D5N, registered to Devanta Gallon, 4028 N. Hanley Road, St. Louis,

4

Missouri. The vehicle was missing a front license plate, had a heavily tinted front windshield which obstructs the view of the driver, and a tinted rear license plate cover which obstructed the view of the license plate. Gallon was driving the vehicle and Jamar Coleman was a front seat passenger. The officer, upon approaching the vehicle, noticed Gallon reaching back towards the rear seat of the vehicle. When asked why he (Gallon) was reaching in this manner, Gallon responded that he was trying to gather his paperwork. The officer observed a black backpack sitting on a child booster seat located on the right rear passenger seat in the area where Gallon was reaching and also detected a strong odor of marijuana coming from inside the vehicle. Gallon stated that there was "no weed in the car" but he and Coleman had smoked marijuana in the vehicle earlier in the day. It was determined at the time that Gallon was a convicted felon for Robbery 2nd Degree and Trafficking Drugs but he had no current wants or warrants. It was determined that Coleman was a wanted fugitive for traffic violations in Pagedale, Missouri and St. Louis City, Missouri.

Coleman was placed under arrest and was read his <u>Miranda</u> rights to which Coleman stated he understood. The vehicle was searched and the black backpack was opened and found to contain numerous individual plastic baggies of marijuana; $13,634.00 in U.S. currency (18 $100.00 bills, 8 $50.00 bills, 520 $20.00 bills, 79 $10.00 bills, 48 $5.00 bills, and 4 $1.00 bills) neither folded, bundled, nor separated in any way; and one Sig Sauer P226 .40 caliber semiautomatic pistol, bearing serial number U680872. Gallon was placed under arrest and read his <u>Miranda</u> rights to which he stated he understood. A search of Gallon's person reveled $194.00 in U.S. currency in his right pants pocket.

On June 5, 2018, Investigators re-contacted both Gallon and Coleman (separately) at the Florissant Police Department (FPD) and each was again advised of their Miranda rights. Both Gallon and Coleman stated they understood their rights and wished to waive their rights and speak to Investigators. Coleman completed a FPD Rights and Waiver form, however, Gallon stated he did not want to sign anything. Coleman told Investigators that he and his cousin, Gallon, were driving on Shackelford Road when they were stopped by police. Coleman stated he had marijuana, a large amount of cash, and a firearm in his backpack (black backpack found in the vehicle). Coleman told Investigators several times that the items in the backpack belong to him and not Gallon. Coleman stated he purchased the firearm legally from a gun show in St. Charles County. When Investigators asked Coleman how much cash he had in the backpack, Coleman responded "about seven grand." When told there was more than $7,000.00 in the backpack, Coleman stated Gallon contributed an unknown amount of currency and that they had planned on purchasing a large amount of marijuana with the cash. Coleman stated he brought a firearm because he feared being robbed when carrying such a large amount of money. Coleman stated he purchases about two to three pounds of marijuana each week and earns approximately $700.00 per pound in profit when he sells it to customers. Coleman stated he and Gallon were on their way to purchase three pounds of marijuana from a person named "Sleepy." Coleman stated he and Gallon can purchase the marijuana at lower prices when the quantity purchased is increased. Investigators asked Coleman if he had any marijuana at his residence. Coleman stated "I got maybe a zip or two." Based on my training and the training of the investigative team, the street term "zip" commonly refers to a weight of one ounce. Coleman consented to a search of

6

his residence, 5803 Cabanne Ave, Apartment 1W, and also signed a FPD Consent to Search and Seize form. Investigators accompanied Coleman to his residence and located three large glass jars containing marijuana. A further search of the residence revealed a previously operable marijuana grow area which included a tent, growing chemicals, fans, heating lamps, and marijuana leaf debris.

Gallon was interviewed by Investigators in a separate FPD interview room. Gallon stated that he and Coleman were in fact on their way to purchase marijuana from Coleman's dealer when they were stopped by police, however the marijuana and firearm in the backpack belonged to Coleman. Gallon stated he contributed about $4,000.00 in U.S. currency to the amount found in the backpack and further stated that he and Coleman were combining their money to purchase a larger amount of marijuana. Investigators asked Gallon if he sells marijuana. Gallon responded that he did sell marijuana in order to help pay bills. Gallon stated "I was really just helping him out with the money, I didn't need any, I got my own weed." Investigators asked Gallon how much marijuana he has at his residence. Gallon responded that he was unsure. Investigators asked Gallon if he would consent to a search of his residence. Gallon stated the residence is in his girlfriend's name and further stated "I don't care, but good luck getting her to say yes."

Investigators responded to Gallon's residence, 4028 N. Hanley Road, and waited for the head of the household (Gallon's girlfriend), Chrisella Nelson to arrive. Nelson consented to a search of the residence and signed a FPD Consent to Search and Seize form. Investigators found two digital scales, a grinder, and numerous clear plastic baggies in a purple container in the kitchen. Investigators also located a glass jar with

7

marijuana and a firearms magazine loaded with twenty six 9mm ammunition rounds in the master bedroom. Nelson stated the marijuana in the master bedroom belongs to Gallon and she stated she feared he had gone back to his criminal ways after recently being released from prison.

Investigators returned to the FPD and re-contacted Gallon. Gallon was again advised of his Miranda rights. Gallon stated he understood and agreed again to speak to Investigators. Gallon signed the FPD Rights and Waiver form. Gallon was told by Investigators that marijuana was found to which Gallon responded "I told you I had some weed in there." Gallon was asked why he had a large capacity firearms magazine in his bedroom. Gallon responded that he had purchased it for his pistol. When asked where the pistol was located, Gallon stated that he had hidden it in the rafters of his garage above the washing machine so it would not be accessible to his daughter and nieces. Investigators responded back to 4028 N. Hanley Road and located a Glock 19, 9mm semiautomatic pistol, bearing serial number ACLC697, on top of the soffit overhang on the north side of the garage over the washing machine. The firearm had an attached magazine containing sixteen 9mm ammunition rounds and one round in the chamber, ready to fire. A REJIS check of the firearm determined it was reported and entered as Stolen by the St. Louis Metropolitan Police Department. Investigators responded back to the FPD station and advised Gallon that they had found the pistol where he told them it was located. When asked by Investigators where he purchased the pistol, Gallon stated he did not remember.

Based on my training and experience and that of the investigative team, drug traffickers commonly keep firearms near drugs and drug proceeds to protect themselves

8

and the proceeds. Drug traffickers also commonly use small plastic bags to package illegal drugs and use digital scales to weigh illegal drugs in preparation for sale. Drug traffickers also keep currency hidden or secreted in bags or containers to store illegal proceeds derived from drug transactions.

**Lack of Legitimate Income:**

According to the Missouri Division of Employment Security, an agency that records the amounts of income paid to and income taxes paid by individuals employed or residing in Missouri, Devanta Gallon had the following reportable income:

4th Quarter 2016 - $0

1st Quarter 2017 - $0

2nd Quarter 2017 - $955.00

3rd Quarter 2017 - $1,796.75

4th Quarter 2017 - $0

1st Quarter 2018 - $0

2nd Quarter 2018 - $0

3rd Quarter 2018 - $0

According to the Missouri Division of Employment Security, an agency that records the amounts of income paid to and income taxes paid by individuals employed or residing in Missouri, Jamar Coleman had the following reportable income:

4th Quarter 2016 - $7,795.00

1st Quarter 2017 - $11,117.13

2nd Quarter 2017 - $11,227.08

3rd Quarter 2017 - $10,553.90

4th Quarter 2017 - $8,308.93

1st Quarter 2018 - $9,760.78

2nd Quarter 2018 - $1,330.80

3rd Quarter 2018 - $0

**Federal Indictment:**

On October 10, 2018, Devanta Gallon and Jamar Coleman were charged by a Federal Grand Jury in the Eastern District of Missouri with possession with the intent to distribute a controlled substance, and possession of a firearm in furtherance of drug trafficking. Gallon was also charged with being a felon in possession of a firearm which traveled in interstate or foreign commerce.

**Conclusion:**

Based on your affiant's training and experience and the training and experience of other veteran members of my team, the information set forth above establishes probable cause that Devanta Gallon and Jamar Coleman engaged in narcotics trafficking in violation of Title 21, United States Code, Sections 841 (a)(1), 843(b) and 846, and Gallon was a felon in possession of a firearm and ammunition in violation of Title 18, United States Code, Section 922(g) and that the above described property is subject to criminal forfeiture pursuant to Title 21, United States Code, Section 853(a) and Title 18, United States Code, Section 924(d) and civil forfeiture pursuant to Title 21, United States Code, Sections 881 (a)(6) and (11).

*Ikedinachi Akagha*
Ikedinachi Akagha
Special Agent
Federal Bureau of Investigation

10

SUBSCRIBED and SWORN to before me this _____ day of November, 2018

_____
JOHN M. BODENHAUSEN
United States Magistrate Judge
Eastern District of Missouri

11